# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL FIDLER,   *Movant*, | )<br>)<br>) |
| v. | )   Docket No. 12-10058-WGY |
| UNITED STATES OF AMERICA,   *Respondent.* | )<br>)<br>) |

## MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND *Johnson v. United States*, 135 S. Ct. 2551 (2015)

Movant Michael Fidler, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). In *Johnson*, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that the rule announced in *Johnson* is substantive and therefore retroactive to cases on collateral review.

On June 8, 2012, Mr. Fidler pled guilty to a single count indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a) (D.E. 6). He was deemed a career offender based upon the instant offense of conviction, and prior state court convictions delineated at ¶¶ 42, 43, 48, 50, 51, and 52 of his presentence report. On September 7, 2012, this Court sentenced Mr. Fidler as a career offender to a 156-month sentence. (D.E. 13, 14).

The residual clause of the career offender guideline, *see* U.S.S.G. § 4B1.2(a)(2), is identical to the ACCA residual clause struck in *Johnson*.[1] It follows that the rule in *Johnson* applies to the career offender residual clause, and should be given retroactive effect. *See In re Hubbard,* No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016); *Stork v. United States,* No. 15–2687, 2015 WL 5915990 (7th Cir. Aug. 13, 2015) (unpub.); *United States v. Ramirez*, No. 10-10008-WGY, 2016 WL 3014646 (D.Mass. May 24, 2016).

The issue remaining is whether Mr. Fidler's instance offense, bank robbery, satisfies the career offender force clause, *see* U.S.S.G. § 4B1.2(a)(1). Bank robbery is not a crime of violence post-*Johnson* because it fails to satisfy the force. Therefore, Mr. Fidler is not a career offender, and he respectfully requests this Court vacate his sentence and resentence him accordingly.

---

[1] Indeed the U.S. Sentencing Commission amended the "crime of violence" definition at §4B1.2(a) in 1989 to adopt the ACCA's definition of "violent felony." *See* USSG App. C, Amend. 268.

By separate motion to which the government assents, Mr. Fidler seeks 30 days to file a memorandum of law in support of this motion filed under § 2255.

        Respectfully submitted,
        MICHAEL FIDLER
        By his attorney,

        /s/ J. Martin Richey
        J. Martin Richey
        B.B.O. #559902
        Federal Public Defender Office
        51 Sleeper Street, 5th Floor
        Boston, MA 02210
        Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 25, 2016.

        /s/ J. Martin Richey
        J. Martin Richey